IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SALVADOR LONGORIA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil No. 12-234-MJR** |
| | ) | |
| **WARDEN VENTLEMEN,** | ) | |
| **RANDY J. DAVIS, DAVID REDNOR,** | ) | |
| **MICHAEL ATCHISON,** | ) | |
| **C/O PEYTON, and C/O HARBISON,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil

rights action pursuant to 42 U.S.C. § 1983.  This matter is now before the Court for threshold review

pursuant to 28 U.S.C. §1915A.

Plaintiff's complaint is a rambling expression of his dissatisfaction with  various aspects of

his life within the Illinois Department of Corrections.  Four people are named as defendants in the

caption of the complaint.  Warden Ventlemen and Randy J. Davis are alleged to be wardens at

Pinckneyville Correctional Center.  David Rednor and Michael Atchison are alleged to be wardens

at Menard Correctional Center.  Plaintiff describes only one incident with any particularity: he

alleges that, upon the orders of Wardens Ventlemen and Davis, Correctional Officers Peyton and

Harbison used excessive force on him while transporting him between correctional institutions on

August 23, 2010.  He  states, without elaboration, that a Lieutenant Graves was the correctional

officers' supervisor on that date.  He also alleges that these two wardens, along with a Warden

1

Wilson, who is not otherwise identified as a defendant, "allow" unidentified staff members to abuse, torture, neglect and terrorize plaintiff.  The rest of the complaint consists of vague allegations that his medical treatment has been inadequate over the years, that "Pinckneyville" has been trying to have him beaten up by celling him with violent troublemakers for 15 years, that "they" steal or destroy his mail, and "they" constantly abuse, torture and terrorize him.  These last allegations are not directed to any particular individual.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that the only colorable federal cause of action articulated by plaintiff is a claim against Defendants Ventlemen and Davis, along with C/O Peyton and C/O Harbison, for use of excessive force in violation of the Eighth Amendment on August 23, 2010.  Although plaintiff did not name Peyton or Harbison in the caption, liberally construed, his complaint states a claim against Peyton and Harbison for the use of excessive force.

Plaintiff's allegation that defendants Ventlemen and Davis, along with Warden Wilson, "allow" unidentified staff members to abuse, torture, neglect and terrorize plaintiff does not state a colorable claim.  This is a claim of supervisory liability, but "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, **266 F.3d 724, 740 (7ᵗʰ Cir. 2001),** *quoting Chavez v. Ill. State Police*, **251 F.3d 612, 651 (7ᵗʰ Cir. 2001)**.  Personal involvement is a prerequisite for individual liability in a Section 1983 action; a defendant must have caused or participated in an alleged constitutional deprivation to incur liability.  *Kuhn v. Goodlow*, **678 F.3d 552, 555-556 (7ᵗʰ Cir. 2012).**  Supervisors who are simply negligent in failing to detect and prevent subordinate misconduct are not "personally involved" so as to incur liability.  Rather,

2

"supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." ***Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir.1988).** Plaintiff's allegations that the wardens "allow"staff to mistreat him do not come close to the required standard. For the same reason, plaintiff has not stated a colorable claim against Lieutenant Graves , the alleged supervisor of Peyton and Harbison on August 23, 2010.

Plaintiff has not stated any colorable federal constitutional claim at all against either of the Menard wardens. In order to state a claim against a particular defendant, plaintiff must specify what he is claiming that defendant did or failed to do. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, ***see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)**, are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. ***See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").**

However, in the context of a challenge pursuant to Federal Rule of Civil Procedure 12(b)(6), in an opinion issued on May 21, 2007, the Supreme Court decided the case of ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)**. According to the Supreme Court, the threshold pleading requirement of FEDERAL RULE OF CIVIL PROCEDURE 8 requires a complaint allege "enough facts to

state a claim to relief that is *plausible* on its face" in order to survive a Rule 12(b)(6) Motion to Dismiss for failure to state a claim for which relief can be granted. *Id.* at 570 (clarifying that a "heightened fact pleading of specifics" is not required)(emphasis added). In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." ***Id.* at 555 (alteration in original)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**. The plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims. ***Id.* at 1965.** Thus, the Seventh Circuit has interpreted ***Bell*** as imposing a two-tiered requirement for a complaint to survive a Rule 12(b)(6) motion: (1) it "must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests," and (2) the "allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'" ***E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7ᵗʰ Cir. 2007)(citing *Bell*, 550 U.S. at 555).**

There is no allegation that either Warden Rednor or Warden Atchison had any involvement in any of the events described by plaintiff. In fact, neither of those defendants is discussed in the body of the complaint at all. Therefore, plaintiff has failed to state a claim against defendants Rednor and Atchison, and those defendants will be dismissed with prejudice. ***See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").**

4

**Disposition**

In summary, Defendants **DAVID REDNOR** and **MICHAEL ATCHISON** are **DISMISSED** from this action with prejudice.  The Court finds that plaintiff's complaint states only one colorable federal constitutional claim, that is, a claim for use of excessive force on August 23, 2010, against  Defendants **WARDEN VENTLEMEN, RANDY J. DAVIS, C/O PEYTON and C/O HARBISON.**

The Clerk of Court shall prepare for Defendants **WARDEN VENTLEMEN, RANDY J. DAVIS, C/O PEYTON and C/O HARBISON**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff, Pinckneyville Correctional Center.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  If Plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule

6

3.1(c)(1)

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Lastly, the Court notes that Plaintiff stated in his complaint that he had not filed any other lawsuits relating to his imprisonment. This is not true. Plaintiff filed such a lawsuit in this District in 2005, *Salvador Longoria v. Warden Garnett, et al.*, Case No. 05-099-JPG. That case was dismissed on preliminary review and counts as a "strike" against Plaintiff. The Court will give Plaintiff the benefit of the doubt and assume that the omission of this information was an oversight. However, Plaintiff is warned that the Court will not hesitate to impose sanctions, including dismissal of the present case, if it appears that Plaintiff has been less than fully truthful in his dealings with the Court in the future.

The Clerk of Court is directed to add **C/O PEYTON and C/O HARBISON** as Defendants.

**IT IS SO ORDERED.**

**DATED:  August 15, 2012.**


**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

7