IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SALVADOR LONGORIA, | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12–cv–0234–MJR–SCW |
| | ) |
| RANDY J. DAVIS, C/O PEYTON, C/O HARBISON, and CHARLES DINTELMAN, | ) |
| | ) |
|           Defendants. | ) |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

### INTRODUCTION & PROCEDURAL HISTORY

In this § 1983 civil rights lawsuit, *pro se* Plaintiff Salvador Longoria, currently incarcerated at Big Muddy River Correctional Center in the Illinois Department of Corrections ("IDOC"), sued seven IDOC officials in March 2012. Pursuant to 28 U.S.C. § 1915A, the undersigned performed a threshold review, and Plaintiff's claims against the four above-named Defendants survived. Generally, Plaintiff claims Defendants Dintelman and Davis ordered Defendants Peyton and Harbison to use excessive force on Plaintiff while he was being transferred from one IDOC facility to another, all in violation of his Eighth Amendment right to be free from cruel and unusual punishments. The case comes before the Court on a Report & Recommendation ("R&R") submitted by Magistrate Judge Stephen C. Williams, in which he recommends granting summary judgment to Defendants on the grounds that Plaintiff did not, as required by 42 U.S.C. § 1997e, the Prison Litigation Reform Act ("PLRA"), exhaust his administrative remedies before filing suit.

In April 2013, Judge Williams recruited counsel for Plaintiff. A month later, Plaintiff responded to the summary judgment motion. But in June 2013, a dissatisfied Plaintiff moved to

1

appoint new counsel. Judge Williams held a hearing on that motion in July 2013, and terminated counsel's representation of Plaintiff. As pertinent to this Memorandum & Order, during that hearing, Plaintiff claimed a non-defendant correctional officer had destroyed his legal materials, thus thwarting his July 2010 attempt to grieve the excessive force incident.

Three weeks later, pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Williams held an evidentiary hearing on Defendants' summary judgment motion. During the *Pavey* hearing, testimony and argument revolved around a September 15, 2010 grievance that all parties agree had been addressed at the institutional level. While Defendants provided evidence the grievance was never appealed to the state Administrative Review Board ("ARB") as required, Plaintiff asserted that he had indeed mailed those grievances to the ARB, but that they must have gotten lost (or intentionally destroyed) sometime after he mailed them.

Pursuant to 28 U.S.C. § 636, Judge Williams submitted his R&R on August 2, 2013. Judge Williams found Plaintiff's testimony not to be credible due to its inconsistent nature, found Plaintiff never appealed his grievances to the ARB, and (because a prisoner's failure to timely appeal an institutional decision to the ARB constitutes a failure to exhaust, **see *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**) recommended granting summary judgment.

Plaintiff filed an objection to the R&R on September 17, and the matter is ripe for ruling. Before taking up the objection, the undersigned **DENIES (**Doc. **96)** Longoria's request to submit more exhibits in support of his exhaustion argument. The affidavits he wishes to submit appear to be the sworn statements of other prisoners who claim to have had grievances destroyed, and are irrelevant to the Court's analysis here (and cumulative to other, similar statements already on the record), which focuses only on whether Mr. Longoria—not other prisoners—exhausted administrative remedies, and does not turn on whether a prison guard destroyed a grievance.

## STANDARD OF REVIEW

When a party timely objects to a magistrate judge's R&R, the district court must undertake *de novo* review of the portions to which an objection has been made. **28 U.S.C. § 636(b)(1)(C).** The undersigned will, however, give great deference to Judge Williams' factual findings and credibility determinations. *See Pavey v. Conley (Pavey II)*, **663 F.3d 899, 904 (7th Cir. 2011) (affirming findings of magistrate judge, whose R&R included factual findings that Plaintiff was not credible);** *Towns v. Holton*, **346 F.App'x 97, 100 (7th Cir. 2009) (great deference to credibility findings based on demeanor);** *Goffman v. Gross*, **59 F.3d 668, 671 (7th Cir. 1995) ("[D]e novo determination is not the same as a *de novo* hearing. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations.").**

## PLAINTIFF'S OBJECTIONS

Construing his objection broadly, Plaintiff makes three arguments against summary judgment. He revives his assertion that a non-defendant correctional officer destroyed a July 2010 grievance, thereby thwarting his ability to exhaust his administrative remedies. He further claims he was prejudiced during the second July hearing by his lack of counsel (and relatedly, that his counsel, before withdrawing from the case, was ineffective). And Plaintiff argues that *Russo v. Palmer*, a Northern District case from 1998, controls the outcome here.

Plaintiff's latter two arguments are non-starters. This is a civil case, so Plaintiff has no constitutional right to effective counsel. *Pruitt v. Mote*, **503 F.3d 647, 657 (7th Cir. 2007) (citing** *Christopher v. Harbury*, **536 U.S., 403, 413 (2002), and** *Lewis v. Casey*, **518 U.S. 343, 354 (1996) (expanding the right of access to guarantee prisoners a right to litigate effectively would essentially demand a permanent provision of counsel).** In any event, Judge Williams specifically found Plaintiff understood the issues relating to exhaustion and was capable of

3

representing himself during the exhaustion phase of the case generally, and at the evidentiary hearing specifically.

And *Russo* is no longer good law. The case stood for the proposition that, when a prison administrative scheme does not provide the same relief as the plaintiff seeks (i.e., money damages), then there was no remedy "available" to exhaust. *Russo v. Palmer*, **990 F.Supp. 1047, 1050 (N.D. Ill. 1998).** That rule was clearly jettisoned by *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999), in which the Seventh Circuit expressly rejected the proposition that a futility exception negates the PLRA's exhaustion requirement. The Supreme Court has since made clear that "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, **534 U.S. 516, 524 (2002).**

That leaves only Plaintiff's contention that either a correctional officer or some unknowable ARB official thwarted his ability to grieve about the excessive force incident by destroying Plaintiff's grievances.

### THE PLRA, PLAINTIFF'S GRIEVANCES, AND JUDGE WILLIAMS' FINDINGS

As an inmate, Plaintiff's lawsuit is governed by the PLRA, which requires a prisoner to exhaust his administrative remedies before filing suit. **42 U.S.C. § 1997e.** In Illinois, the grievance process requires a prisoner to speak with his counselor, then file a written grievance. **20 Ill. Admin. Code § 504.810(a)–(b).** Once that grievance is denied at the institutional level, an inmate must appeal it to the state Administrative Review Board ("ARB"). *Id.* **at § 504.850(a).**

Though the Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement, *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006)**, the PLRA's plain language is clear: an inmate must exhaust only those administrative remedies that are available to him, **42 U.S.C. § 1997e(a).** Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance, *Lewis v. Washington*, **300 F.3d 829, 833 (7th Cir. 2002)**, or—as Plaintiff

4

claims here—when prison employees otherwise use affirmative misconduct to prevent a prisoner from exhausting, *Dole*, 438 F.3d at 809. In *Pavey v. Conley* (*Pavey I*), the Seventh Circuit set forth the procedures for tackling the exhaustion issue; the first step is for the judge to conduct a "hearing on exhaustion and [permit] whatever discovery relating to exhaustion he deems appropriate." *Pavey I*, 544 F.3d 739, 742 (7th Cir. 2008). And in holding that hearing, a court may credit the testimony of one witness over another. See *Pavey v. Conley* (*Pavey II*), 663 F.3d 899, 904 (7th Cir. 2011).

It is undisputed that Plaintiff filed grievances at the institutional level in June 2010, July 2010, and September 2010, and that those grievances were denied by his institution's Chief Administrative Officer. But the grievance process stopped between the institutional level and the ARB. If Plaintiff took the necessary steps to appeal to the ARB but was thwarted, his case may proceed. If, on the other hand—and as Judge Williams found—he simply failed to mail an appeal to the ARB, Plaintiff's case is over.

Plaintiff does not challenge Judge Williams' legal conclusion: that neither the June nor July grievance could suffice to exhaust Plaintiff's administrative remedies as they pertain to the instant excessive force suit. Neither grievance even hints at the amount of force used during the failed inter-prison transfer. (*See* Doc. 47-1, 5–8). Plaintiff renews his contention that a correctional officer destroyed his July grievance. But even if that contention were true, the July grievance had nothing to do with the allegations in this lawsuit, and cannot, therefore, fulfill the PLRA's exhaustion requirement. Though courts construe the contents of an inmate grievance generously, *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004), one of the leading purposes of the exhaustion requirement is to notify those who might later be sued—a purpose not at all served by Plaintiff's June or July grievance, *Jones v. Bock*, 549 U.S. 199, 219 (2007).

The September grievance, though, contains the following remark, which the Court considers sufficient to satisfy Illinois' specificity requirements[1]: "I am still hurting f[rom] when they violently [dragged] me out of a [wheel]chair using over [excessive] force, when Lawrence day transfer, into a [non-handicap] van." (Doc. 47-1, 13–14). Defendants provide a sworn affidavit that the ARB never received that grievance. (Doc. 47-1, 1–4).

Plaintiff offers several alternative explanations—none of which Judge Williams found credible—as to why the ARB never received his September 15 grievance on appeal. During the hearing regarding his recruited attorney's withdrawal, Plaintiff firmly argued his grievances were destroyed by a correctional officer. Admitting that destruction happened in July 2010 (and therefore could not have thwarted his September attempt to appeal to the ARB), Plaintiff then asserted that he did indeed mail the September 15 grievance to the ARB, and that it must have been destroyed by someone there. But (as the magistrate judge noted) that story changed during the evidentiary hearing. Plaintiff testified that he must have mailed the September 2010 grievance because he sent all grievances to the ARB "as soon as [he] got them" (Doc. 95, 40), but also that he makes copies of grievances before he sends them so as to mail several copies of his grievances (Doc. 95, 34), and that he mailed "three or four" grievances along with the September grievance (Doc. 95, 35).

After questioning Longoria himself, Judge Williams found his testimony "not to be credible." (Doc. 93, 10–11) ("Plaintiff cannot have mailed the grievance out as soon as he got it, but then also waited and sent the grievance in an envelope with other grievances . . . Given Plaintiff's multiple, inconsistent versions of what happened to his grievance, the Court finds that Plaintiff is not credible and his testimony is unreliable.")).

---

[1] A grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." **20 Ill. Admin. Code § 504.810(b).**

6

In other words, Judge Williams made a finding that Plaintiff was untrustworthy regarding the only material fact relating to the exhaustion issue—whether he mailed the September grievance to the ARB. As *Pavey I* requires, the exhaustion issue was taken up at an evidentiary hearing, and as *Pavey II* allows, the magistrate judge made a credibility determination that sweeps away Plaintiff's position. **See *Pavey II*, 663 F.3d at 904; *United States v. Norris*, 640 F.3d 295, 297 n.1 (7th Cir. 2011) (noting credibility findings may be disturbed only when they are "completely without foundation").** Judge Williams finding rests on the documentary evidence submitted by both parties and on Plaintiff's demeanor and testimony. Nothing in Plaintiff's objection warrants overturning that credibility determination. Summary judgment will be granted to Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Allow Exhibits (**Doc. 96**) is **DENIED**. The undersigned **ADOPTS** in full (**Doc. 93**) the Report & Recommendation submitted by Magistrate Judge Stephen C. Williams, and **GRANTS** (**Doc. 46**) Defendants' Motion for Summary Judgment. Plaintiff's claims against Defendants Davis, Peyton, Harbison and Dintelman are **DISMISSED** without prejudice, and—there being no claims remaining—the Clerk is **DIRECTED** to close this case. All hearings are terminated, and all pending motions are moot.

**IT IS SO ORDERED.**

DATE: <u>September 26, 2013</u>                    s/ *Michael J. Reagan*
                                                  **MICHAEL J. REAGAN**
                                                  United States District Judge

7