IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SALVADOR LONGORIA,        ) | |
|         ) | |
|      **Plaintiff,**     ) | |
|         ) | |
| vs.        ) | Case No. 12–cv–0234–MJR–SCW |
|         ) | |
| RANDY J. DAVIS, C/O PEYTON, C/O ) | |
| HARBISON, and CHARLES ) | |
| DINTLEMAN,        ) | |
|         ) | |
|      **Defendants.**    ) | |

## ORDER

**REAGAN, District Judge:**

*Pro se* Plaintiff Salvador Longoria, an inmate at Illinois' Big Muddy River (BMR) Correctional Center, filed the above-captioned lawsuit in March 2012.   In September 2013, the undersigned granted summary judgment against him because he failed to exhaust his administrative remedies before filing suit (as required by 42 U.S.C. § 1997e, the Prison Litigation Reform Act).   Longoria filed a Notice of Appeal on October 4, 2013.  His case comes before the Court on three motions: a motion for leave to appeal *in forma pauperis*, a motion for "order to demand Big Muddy to produce trust fund account information," and a motion "asking the Court to demand to let [Plaintiff] go to the law library."

### A.  *Leave to Appeal In Forma Pauperis (Doc. 106) — GRANTED*

The Court finds that Plaintiff is indigent, and is unable to certify that Plaintiff's appeal is not taken in good faith.  *See* 28 U.S.C. § 1915 (a)(3).   Therefore, the instant motion (**Doc. 106**) is **GRANTED**.   **IT IS ORDERED** that Plaintiff shall pay the appellate filing fee of **$455.00** as follows:

1.   Plaintiff shall pay an initial partial filing fee of **$25.44**.  *See* 28 U.S.C. § 1915(b)(1). The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from Plaintiff's prison trust fund account to the Clerk of Court upon receipt of this Memorandum and Order.

2.   Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account (including all deposits to the inmate account from any source) until the filing fee is paid in full.

3.   The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid in full.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

Plaintiff is **ADVISED** that he is responsible for ensuring payment of the filing fees directed by this Order, and he should ensure that the agency having custody of him transmits the necessary funds.  Plaintiff is **FURTHER ADVISED** that nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. *Thurman v. Gramley*, **97 F.3d 185, 187 (7**[th] **Cir. 1996) (overruled on other grounds by** *Walker v. O'Brien*, **216 F.3d 626, 633-34 (7th Cir. 2000)).**

Plaintiff is **FURTHER ADVISED** that the obligation to ensure full payment of the filing fees imposed by this Order shall not be relieved by his transfer to another prison.

### B.  *Motion to Compel Big Muddy to Produce Trust Fund Info. (Doc. 108) — MOOT*

Pursuant to the normal course of business, once Plaintiff filed his motion for leave to appeal *in forma pauperis*, the Clerk's Office of this Court sent a letter to Plaintiff's home institution requesting his trust fund account information for the six months immediately preceding the instant appeal.  (*See* Doc. 110).  BMR forwarded the requested information to the Court (Doc. 114), and apparently gave it to Plaintiff (who filed a copy for good measure, *see* Doc. 112 and Doc. 113).  Plaintiff's motion to compel that information (**Doc. 108**) is accordingly **MOOT**.

### C. *Motion for Law Library Access (Doc. 111)* — *DENIED*

The filing of an appeal is an event of jurisdictional significance that divests a district court of its control of the aspects of the case involved in the appeal. *U.S. v. Brown*, **732 F.3d 781, 787 (7th Cir. 2013) (citing** *Griggs v. Provident Consumer Disc. Co.*, **459 U.S. 56, 58 (1982) (per curiam)).** There are some exceptions to the rule (for example attorney's fees or the correction of clerical mistakes, *see Brown*, **732 F.3d at 787**), but using equitable power to direct a prison official where to allow his inmates is not one of them. Even if the Court were inclined to ignore the long line of precedent cautioning federal courts from interfering in day-to-day prison operations, *see Westefer v. Neal*, **682 F.3d 679, 683 (7th Cir. 2012) (citing** *Hewitt v. Helms*, **459 U.S. 460, 467 (1983));** *Hale v. Scott*, **371 F.3d 917, 920 (7th Cir. 2004)**, it has no power to do so, *see Brown*, **732 F.3d at 787 (citing** *Kusay v. United States*, **62 F.3d 192, 194 (7th Cir. 1995) (an action taken by a district court without jurisdiction is a "nullity.").**

Plaintiff's motion for law library access and the assistance of "law clerk inmates" (**Doc. 111**) is **DENIED**.


**IT IS SO ORDERED.**

DATE: <u>November 15, 2013</u>                    s/ *Michael J. Reagan*
                                                                    **MICHAEL J. REAGAN**
                                                                    United States District Judge